IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRCT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BARBARA RITTER | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:14-cv-463 |
| v. | § | |
| | § | |
| SCOTT & WHITE HEALTHCARE, | § | |
| SCOTT & WHITE CLINIC, SCOTT & | § | |
| WHITE EMS, INC., and SCOTT | § | |
| &WHITE MEMORIAL HOSPITAL, | § | |
| Defendant. | | |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff Barbara Ritter files suit against SCOTT & WHITE HEALTHCARE, SCOTT & WHITE CLINIC, SCOTT & WHITE EMS, INC., and SCOTT & WHITE MEMORIAL HOSPITAL, collectively referred to as the "Scott and White Defendants" and would respectfully show the Court and Jury the following:

**I.
PARTIES**

1. Plaintiff BARBARA RITTER, resides in Leclair, Iowa.

2. Defendant SCOTT & WHITE HEALTHCARE may be served with process by serving their registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. Defendant SCOTT & WHITE CLINIC may be served with process by serving their registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4. Defendant SCOTT & WHITE EMS, INC. may be served with process by serving their registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-

3136.

5. Defendant SCOTT & WHITE MEMORIAL HOSPITAL may be served with process by serving their registered agent C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## II.
## VENUE AND JURISDICTION

6. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

7. Venue of this cause is proper in the Western District pursuant to 28 U.S.C §1332 because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within the Western District of Texas and because the parties are diverse.

## III.
## NOTICE REQUIREMENT

8. Written notice of this claim has been given pursuant to Texas Civil Practice & Remedies Code §74.0151 to Defendants and Plaintiff agrees to provide evidence of such notice if the Judge of this Court so requires.

## IV.
## FACTS

9. Around 6:30 p.m. on May 18, 2012, Leevon Ritter suffered an open femur fraction and was taken to the emergency department at Scott and White Memorial Hospital in Temple, Texas.

10. There, the doctors and nurses treating him took a medical history. Among other things, Dr. Mathew Jordan and Dr. Scott M. Munroe noted that Mr. Ritter had a history of sleep apnea. While in the emergency department, he also experienced oxygen saturation rates below 85%.

11. On May 19, 2012, Mr. Ritter was scheduled for and underwent an intramedullary nailing of his right femur and open reduction with fixation of his right patella. Dr. Munroe performed the surgery. But he did not order any precautions afterwards for Mr. Ritter's sleep apnea.

12. Following the surgery, Mr. Ritter was taken to the recovery area. As the normal recovery area was not available, his treaters utilized the ICU as a recovery area. While there, he had mild hypoxia and needed oxygen. At around 10:45 p.m., approximately one hour forty-five minutes after his surgical procedure and with ample time for his admission record and history to have been reviewed, Mr. Ritter was transferred to the floor at Scott and White.

13. However, Mr. Ritter was not placed on any type of continuous monitoring equipment. For example, there were no orders from his surgeon, Scott Munroe, or from the trauma team managing his care, including, Steven Abernathy, M.D., Mathew Jordan, M.D., James Morris III, M.D., or from his anesthesiologists, David Gloyna, M.D., or Navin Lavu, D.O., for cardiac monitoring or continuous pulse oximetry – as was necessary in light of his condition and sleep apnea.

14. Even as Mr. Ritter was heard snoring by nursing staff on the floor, he still was not placed on continuous pulse oximetry.

15. As a consequence of the inadequate precautions put in place to protect him following surgery, nurses were not alerted when Mr. Ritter went into distress, and no one came to his aid.

16. As a proximate result, Mr. Ritter died.

V.
**CAUSES OF ACTION**

A.   **Medical Malpractice Against Scott & White Defendants**

17. The injuries and damages to Leevon Ritter were directly and proximately caused by the negligent acts and/or omissions of doctors and nurses treating him while he was there.

18. Each of these doctors, including Scott Munroe, M.D., Steven Abernathy, M.D., Mathew Jordan, M.D., David Gloyna, M.D., Navin Lavu, D.O., and James Morris, M.D., and Damon Range, M.D., and the nurses who treated Mr. Ritter, were employed by and acted in the course

3

and scope of their employment with the Scott & White Defendants. Therefore, the Scott & White Defendants are vicariously liable for their negligent acts.

19. More particularly, the conduct of the above-mentioned doctors fell below the applicable standard of care due to one or more of the following acts or omissions, among others, which caused Plaintiff's death:

> (1) Disregarding Mr. Ritter's medical history and/or failing to take an adequate history;
>
> (2) Failing to adequately review Mr. Ritter's chart;
>
> (3) Failing to take or order appropriate precautions following surgery;

20. Likewise, the nurses caring for Mr. Ritter at Scott and White, also fell below the standard of care in the following ways:

> (1) Failing to properly monitor Mr. Ritter;
>
> (2) Failing to adequately review Leevon Ritter's medical chart and condition and/or inform doctors treating him.

21. As each of the foregoing negligent acts and/or omissions was a direct and proximate cause of Plaintiff's death, Plaintiff claims the following damages:

## VI.
## DAMAGES

22. As a direct and proximate result of the above-described negligence, Leevon Ritter died.

23. Plaintiff is a statutory wrongful death claimant and seeks recovery for the actual damages she suffered as a result of the wrongful death of Leevon Ritter pursuant to TEX. CIV. PRAC. & REM. CODE § 71.001, *et seq.*, the "Texas Wrongful Death Act."

24. More particularly, Plaintiff Barbara Ritter, seeks the following damages:

   (1) Past and future mental anguish;

(2) Past and future loss of companionship; and

(3) Past and future loss of services.

## VII.
## JURY DEMAND

25.     Plaintiff respectfully requests that this cause be tried before a jury of his peers and herein submits the required fee for such request.

## VIII.
## PRAYER FOR RELIEF

26.     Plaintiff prays that Defendant be cited to appear herein as required by law and that on final hearing hereof, Plaintiff be awarded judgment against Defendant, for:

    (1) Compensatory damages;

    (2) Prejudgment and post judgment intent at the highest rate provided by law;

    (3) Costs of suit; and

    (4) All other relief to which Plaintiff is justly entitled, either at law or in equity.

Respectfully submitted,

**EDWARDS LAW**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Tel.	512-623-7727
Fax.	512-623-7729

By	/s/ Jeff Edwards
	JEFF EDWARDS
	State Bar No. 24014406
	jeff@edwards-law.com
	SCOTT MEDLOCK
	State Bar No. 24044783
	scott@edwards-law.com
	SEAN FLAMMER
	State Bar No. 24059754
	sean@edwards-law.com

ATTORNEYS FOR PLAINTIFF